**Leonard Glenn TAYLOR, Appellant,**

v.

**Jennifer HIGGS and Abilene Reporter News, Appellees.**

**No. 11–88–223–CV.**

Court of Appeals of Texas, Eastland.

Feb. 23, 1989.

Rehearing Denied March 16, 1989.

Leonard Glenn Taylor, Huntsville, pro se.

Kelly Gill, Jane Ann Varner, McMahon, Smart, Surovik, Suttle, Buhrmann & Cobb, Abilene, for appellees.

## OPINION

ARNOT, Justice.

Acting "pro se," appellant, Leonard Glenn Taylor, brought this defamation suit against appellees, the Abilene Reporter News and its staff reporter, Jennifer Higgs. This suit is based upon a newspaper article published on March 31, 1988, entitled *Burglar "Skookie" Skunked Once Again*. Summary judgment was granted in favor of appellees. The appellant brings two points of error: (1) the hearing on the motion for summary judgment was set by the trial judge after he had been disqualified and (2) the summary judgment proof is insufficient. We affirm the judgment of the trial court.

■ We will address appellant's points of error in reverse order. In his second point of error, appellant complains that the appellees' summary judgment proof failed to establish as a matter of law that there is no genuine issue of fact. We disagree.

The Abilene Reporter News published an article entitled, *Burglar "Skookie" Skunked Once Again*, written by its staff reporter, Jennifer Higgs. Appellant, whose apparent nickname is "Skookie," brought this suit alleging that the use of the word "skunked" was defamatory and was printed with reckless disregard for the truth. Summary judgment was granted in favor of the appellees. Movants' summary judgment proof included affidavits from Higgs and Glenn Dromgoole, editor at the Abilene Reporter News. These affidavits established that Higgs obtained information from the Associated Press wire line service and the Abilene City Attorney's Office regarding appellant's unsuccessful results in three lawsuits he brought against the City of Abilene over his previous arrest and conviction for burglary. In these lawsuits, appellant complained that he was injured during his arrest when an Abilene police officer shoved him through a plate glass window.

The appellant bases his claim upon the use of the verb "skunked" found in the Article's title, alleging it to be defamatory. Webster's New Twentieth Century Unabridged Dictionary 2nd ed. 1983 defines the verb "skunked" as follows:

*skunk, v.t.* ... to defeat overwhelmingly and prevent from scoring in a game or contest. [Slang.]

The summary judgment proof establishes that appellant has received unsuccessful results in his three lawsuits against the City arising out of his burglary conviction. In his endeavors to recover from the City, appellant has been overwhelmingly defeated or "skunked." The use of the verb "skunked," given its plain, ordinary, and rational meaning in light of the facts of this case, is not libelous as a matter of law. We overrule appellant's second point of error. See also TEX.CIV.PRAC. & REM. CODE ANN. secs. 73.002 and 73.005 (Vernon 1986).

■ In his first point of error, appellant argues that the trial court erred in allowing a disqualified trial judge to set the hearing on motion for summary judgment. We disagree.

Judge Billy John Edwards was initially assigned to hear the instant case. Judge Edwards had presided over several criminal cases, a bond hearing, and at least one other civil case involving the appellant. On June 15, 1988, in response to appellant's motion to recuse, Judge Edwards removed himself from the case to avoid the appearance of any bias. The case was then assigned to Judge Donald H. Lane on June 27, 1988. In the interim between appellant's request for removal of Judge Edwards and the appointment of Judge Lane, Judge Edwards signed a fiat dated June 22, 1988, setting a hearing on appellees' motion for summary judgment on July 22, 1988. Judge Lane subsequently entered a fiat on July 13, 1988, while acting as presiding judge, setting the summary judgment hearing for the same date, July 22, 1988.

Since the same hearing date was set by Judge Lane, error, if any, created by Judge Edwards setting the hearing date for the

motion for summary judgment was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment. TEX.R.APP.P. 81(b)(1). We overrule appellant's first point of error.

We affirm the judgment of the trial court.